United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARK MCLELLAN,
Plaintiff,
v.
GOOGLE LLC,
Defendant.

Case No. 26-cv-04101-TLT (PHK)

**ORDER RE: DISCOVERY LETTER BRIEF RE INFRINGEMENT CONTENTIONS**

Re: Dkts. 77, 83

All discovery matters in this case have been referred to the undersigned. [Dkt. 79]. Now before the Court is the Parties' Further Joint Letter Brief concerning the sufficiency of Plaintiff's August 31, 2026 infringement contentions under Patent Local Rule 3-1. [Dkt. 83]. The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Pursuant to the Court's authority to manage discovery, and considering the Parties' briefing on the issue, the Court resolves the Parties' disputes on the ripe discovery issues as identified in the Further Joint Letter Brief. *See* Dkt. 83.

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

///

///

United States District Court
Northern District of California

**DISCUSSION**

Plaintiff alleges that Defendant Google's "Local Search" ranking systems and methods directly infringe certain claims of U.S. Patent No. 8,849,807 ("the '807 patent"). [Dkt. 77-1 at 2]. This District's Patent Local Rules require the parties to provide early identification of their respective infringement and invalidity theories. *See* Patent L.R. 3-1, 3-3. Patent Local Rule 3-1 requires that a party claiming patent infringement serve a disclosure of asserted claims and infringement contentions that addresses "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware." Patent L.R. 3-1(b). "The identification shall be as specific as possible." *Id.* The patentee must further provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." *Id.* at 3-1(c). Once served, a party's contentions may be amended only by order of the Court and upon a showing of good cause. Patent L.R. 3-6.

"[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). "While the patent rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, ... a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20CV03343EMCJSC, 2021 WL 1749902, at *2 (N.D. Cal. May 4, 2021) (citations omitted). The Court has wide discretion in enforcing the Patent Local Rules. *See SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005).

Here, Defendant contends that Plaintiff's contentions fall short of the required specificity under Patent Local Rule 3-1. [Dkt. 83 at 1-3]. Defendant argues that Plaintiff's contentions parrot claim limitation language without identifying a specific Google feature or explaining how Google practices those limitations. *Id.* Defendant requests that the Court strike Plaintiff's infringement

contentions, or, in the alternative, orders Plaintiff to amend his contentions to comply with Patent Local Rule 3-1 before discovery commences. [Dkt. 83 at 3].

Plaintiff opposes Defendant's motion and argues that his contentions provide reasonable notice "to the extent appropriate." *Id.*

Upon review, the Court finds that there are two fundamental flaws with Plaintiff's infringement contentions. First, for several of the claim elements—specifically claim elements 1(e), 1(f), 1(g), 1(h), 1(s), 4(j), 4(m), 4(n), 4(o), 4(r)—the contentions state that Google's Local Search "must necessarily" or somehow "must" perform the functions allegedly required by the claims. *See* Dkt. 77-1 at 12. This is insufficient for purposes of providing Defendant with fair notice of Plaintiff's infringement theories. *See, e.g., Digital Reg of Texas, LLC v. Adobe Sys. Inc.,* No. CV 12-01971-CW (KAW), 2013 WL 3361241, at *3 (N.D. Cal. July 3, 2013). Stating that a function or operation must be performed (or "necessarily performed") and simply identifying *what* function is performed is not a contention which states *where* or *how* the function is performed; to contend that the accused product or service "must necessarily" perform a claimed function does not provide reasonable notice to the Defendant of how Plaintiff contends the function or operation is accomplished. As to these claim limitations, Plaintiff's contentions do not "identify[] specifically ***where*** each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c) (emphasis added).

For example, claim element 1(h) requires "a tracking system comprising a tracking system network connection and one or more tracking system processors" where "the one or more tracking system processors" have "computer-executable instructions" for performing several functions including "tracking the website activities through the tracking system network connection," and "assembling tracked activity records," and "transmitting the tracked activity records through the tracking system network connection". Dkt. 77-1 at 17-18. Plaintiff's contentions simple state that "Google's Business Profile platform and associated backend systems ***necessarily track and log promoter activities*** performed on the Business Profile, and therefore are a tracking system with network connections and processors. These tracked activities are assembled into records and made available to Google's ranking systems." *Id.* at 17 (emphasis added). To contend that the entire



United States District Court
Northern District of California

United States District Court
Northern District of California

Business Platform and unidentified "associated backend systems" must "necessarily" perform these functions does not provide reasonable notice of what Plaintiff contends constitute the claimed tracking system network connection, what Plaintiff contends constitute the claimed one or more tracking system processors, and what Plaintiff contends constitute the computer-executable instructions for performing the actually claimed functions (or where or how those instructions perform the claimed functions).

Plaintiff's response that he does not have discovery yet and that there is no publicly available source of information does not absolve him entirely of his obligations under the Patent Local Rules. At this stage, Plaintiff surely has a contention, position, or theory on where and how these functions are performed (whether "necessarily" or not) even absent access to discovery. A plaintiff that simply serves contentions stating something "must necessarily" perform a claimed function (or summary of the claimed function) without explaining where, how, or why is substantively no better than merely repeating the claim language. *See Fortinet, Inc.*, 2021 WL 1749902, at *3 ("A party cannot meet its burden simply by parroting claim language or through reference screenshots or website content.").

Accordingly, Plaintiff is **ORDERED** to amend those infringement contentions which recite that a function is or "must" or "must necessarily" be performed to provide more detailed contentions on where and how Plaintiff contends the claimed functions are satisfied.

Second, for a number of claim elements—that is, 1(o), 1(p), 1(r), 1(u), 1(v), and 1(x), as well as the corresponding limitations in claim 4—Plaintiff's contentions essentially repeat the claim language or only slightly alter the claimed function without providing any further substantive contentions. For example, claim element 1(r) recites a function which the claimed "computer-executable instructions" of the "one or more search engine processors" must perform (as required by the preceding claim element 1(i)). Dkt. 77-1 at 18-19, 26. In claim element 1(r), the computer-executable instructions are for "assembling a list of the indexed website IDs ranked by the total weight of each indexed website ID by the one or more search engine processors". *Id.* at 26. Plaintiff's contentions state that "Google Search then assembles a list of the indexed website IDs, which are returned as the search results to the user in ranked order based on the 'total weight' of

United States District Court
Northern District of California

each indexed website ID." *Id.* Facially, Plaintiff's contention here simply parrots a slightly altered version of the claim language with no further elaboration. While the contentions add a sentence that "Businesses are shown ranked in Google Places along with the location of the businesses on Google Maps", merely pointing to the results of a search on Google Maps is another way of contending that the operation is allegedly performed, without explaining Plaintiff's contention on where or how the operation is perform. That is, for these claim limitations, the contentions are drafted in a way that effectively states that Google Search (or Google Local Search) performs the claimed functions without providing any contentions as to where, how, or why the computer-executable instructions of the one or more claimed processors satisfy the claim language. This, too, is insufficient. To essentially contend that "Google Search" performs a summarized or rearranged version of the claimed functional language is tantamount to simply repeating the claim language without providing reasonable notice of where the function is accomplished (and provides no insight into Plaintiff's contention as to how or why the function is accomplished). *See* Patent L.R. 3-1.

Accordingly, Plaintiff is **ORDERED** to amend those infringement contentions identified above which effectively repeat the claim language to provide more detailed contentions on where and how Plaintiff contends the claimed functions are satisfied.

For the reasons stated herein, Defendant Google's motion is **GRANTED IN PART**. The Court **DENIES** Google's request to strike Plaintiff's infringement contentions entirely. Plaintiff is **ORDERED** to amend his infringement contentions (and serve the amended contentions) to comply with the requirements of this Order and Patent Local Rule 3-1 by **DECEMBER 18, 2026**. Particularly in light of the holiday season, nothing in this Order prevents the Parties from agreeing to modify this deadline upon mutual agreement.

This Order **RESOLVES** Dkts. 77 and 83.

**IT IS SO ORDERED.**

Dated: November 19, 2026

PETER H. KANG
United States Magistrate Judge